IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| MTJ TRUCKING, INC. and MONNETT JACKSON, : : : Plaintiffs, : : v. : PROGRESSIVE MOUNTAIN INSURANCE COMPANY, : : : Defendant. : : : : | CIVIL ACTION NO. 1:14-CV-02915-RWS |

## ORDER

This case comes before the Court on Defendant Progressive Mountain Insurance Company's Motion for Summary Judgment [12]. After reviewing the record, the Court enters the following Order.

## Background

This action arises out of an insurance claim on a stolen vehicle. On August 8, 2012, Plaintiff Monnett Jackson's vehicle was stolen. (Compl., Dkt. [1] ¶ 5.) Shortly after the vehicle was stolen, Plaintiff filed a police report and notified her insurance company to begin the process of making a claim on the stolen vehicle. (Id. ¶ 6.) Plaintiff believed her claim would be covered by the insurance policy and complied with requests for documents made by

Defendant. (Id. ¶ 8.) On November 5, 2012, Plaintiff filed for Chapter 13 bankruptcy. (Br. in Opp'n to Def.'s. Mot. Summ. J., Dkt. [13] at 2.) Plaintiff's bankruptcy was discharged on March 2, 2013. (Id.) Plaintiff failed to list the insurance claim for the truck on her bankruptcy filing. (Ex. A to Def.'s Mot. Summ. J., Dkt. [12] at 14.) She also failed to list any current or potential claims against the insurance company. (Id. at 15.) Plaintiff claims she was under the belief that the outstanding claim for the stolen car would be handled by the insurance company. This belief stemmed from conversations and representations allegedly made by Brian J. Grant, a claims representative for Progressive. (Compl., Dkt. [1] ¶ 22.) However, Defendant now refuses to pay the claim. (Id. ¶ 11.)

Plaintiff filed this action on August 7, 2014. Plaintiff seeks damages based on Progressive's breach of contract, breach of good faith and fair dealing, and fraud. Defendant moves for summary judgment in this case based on the principle of judicial estoppel. Defendant argues that Plaintiff's failure to list her claims against the Defendant in her bankruptcy proceeding precludes this suit.

2

### Discussion

Defendant argues that Plaintiff's claims should be barred by judicial estoppel because: (1) Plaintiff failed to disclose her potential claims despite having knowledge of possible claims against Progressive; and (2) Plaintiff intended to mislead the court.  Plaintiff counters by claiming she did not know about the cause of action, and therefore she lacked the necessary intent required for judicial estoppel.

Judicial estoppel is an equitable doctrine used by courts to safeguard the judicial process, and it is invoked at the Court's discretion.  New Hampshire v. Maine, 532 U.S. 742, 750 (2001).  The doctrine exists "to protect the integrity of the judicial process by prohibiting parties from deliberately changing positions according to the exigencies of the moment."  Id. at 749-50 (internal quotation marks and citations omitted).  This doctrine seeks "to 'prevent a party from asserting a claim in a legal proceeding that is inconsistent with a claim taken by the party in a previous proceeding.' "  Robinson v. Tyson Foods, Inc., 595 F.3d 1269, 1273 (11th Cir. 2010) (quoting 18 MOORE'S FEDERAL PRACTICE § 134.30 (3d ed. 2008)).

This case involves judicial estoppel in the context of a Chapter 13

3

bankruptcy proceeding. Judicial estoppel is determined by two factors. First, it must be demonstrated that the allegedly inconsistent positions or statements were made under oath in a prior proceeding. Burnes v. Pemco Aeroplex, Inc., 291 F.3d 1282, 1285 (11th Cir. 2002). Second, "such inconsistencies must be shown to have been calculated to make a mockery of the judicial system." Id. These factors are not exhaustive or all encompassing; "rather, courts must always give due consideration to all of the circumstances of a particular case when considering the applicability of this doctrine." Id. at 1286.

The Court first finds that the statements Plaintiff made during the bankruptcy proceeding were under oath. A debtor in a bankruptcy proceeding has a duty to disclose all assets, both present and potential. 11 U.S.C. §§ 521(1) and 541(a)(7). Bankruptcy judges rely on disclosures made by debtors in deciding what type of discharge to approve. Ryan Operations G.P. v. Santiam Midwest Lumber Co., 81 F.3d 355, 362 (3d Cir. 1996). The "importance of full and honest disclosure cannot be overstated" within the context of a bankruptcy proceeding. Id. Plaintiff's failure to disclose her insurance claim or potential claim satisfies the first factor. See Barger v. City of Cartersville, Ga., 348 F.3d 1289, 1294 (11th Cir. 2003) (finding statements made during

4

bankruptcy proceeding were made under oath when a debtor failed to disclose his employment discrimination claim); <u>Burnes</u>, 291 F.3d at 1284-86 (same). This element is not seriously contested; therefore, the issue before the Court concerns Plaintiff's intent.

"[T]he doctrine of judicial estoppel applies in situations involving intentional contradictions, not simple error or inadvertence." <u>Burnes</u>, 291 F.3d at 1287.  Courts hold that the requisite intent for judicial estoppel can be inferred when a debtor has knowledge of the claim and has motive to conceal the claim from the bankruptcy court. <u>Barger</u>, 348 F.3d at 1294.  Under Chapter 13, a debtor has an incentive not to list a potential claim because hiding the asset—in this case a potential suit against Progressive—could directly affect the amount a bankruptcy court discounts and requires to be repaid. <u>De Leon v. Comcar Indus., Inc.</u>, 321 F.3d 1289, 1291 (11th Cir. 2003) (determining that under Chapter 13 bankruptcy, a financial motive exists to hide assets in order to reduce the amount to be paid by the debtor).  Therefore, Plaintiff had an incentive to conceal her claim.

Plaintiff argues that she did not know she had a potential claim, however, because she subjectively believed Defendant would pay the insurance

5

AO 72A
(Rev.8/82)

claim. While Plaintiff argues that she lacked sufficient knowledge of the cause of action to list the potential claim as an asset, Plaintiff had knowledge an insurance claim was pending. Courts have dismissed claims based on judicial estoppel when a plaintiff knew the facts related to a potential claim but failed to disclose the claim to the bankruptcy court. <u>See, e.g.</u>, <u>Pako Corp. v. Citytrust</u>, 109 B.R. 368, 377 (D. Minn. 1989) (finding that a plaintiff was aware of a potential claim when it knew the facts relevant to the claim when it filed bankruptcy); <u>In re Hoffman</u>, 99 B.R. 929, 933 (N.D. Iowa 1989) (determining that the debtor knew of all of the facts relevant to the current lawsuit when it filed its bankruptcy petition and should have listed the potential claim). In fact, the bankruptcy petition required Plaintiff to list her "interests in insurance policies" and other "contingent and unliquidated claims of every nature," and so she was on notice that she needed to list all potential claims, even those "contingent and unliquidated." (Ex. A to Mot. Summ. J., Dkt. [12] at 13-14). Her subjective belief that the claim would be paid does not relieve Plaintiff of her duty to disclose required information in the bankruptcy petition. Consequently, the Court finds that Plaintiff had sufficient knowledge that a potential claim existed.

The Court finds there is sufficient evidence to support an inference of an intentional contradiction by Plaintiff rather than a simple error.  The absence of any mention of the known claim or cause of action on the bankruptcy petition, coupled with the inherent advantage hiding assets provides a debtor, provides a basis for the Court to infer intentional manipulation of the judicial process.  See Barger, 348 F.3d at 1294 (explaining that a court can infer intent to mislead the court when the debtor has knowledge of a claim and has motive to conceal the claim from the bankruptcy court).  Accordingly, Progressive is entitled to summary judgment on all claims on the basis of judicial estoppel.

## Conclusion

For the foregoing reasons, Defendant's Motion for Summary Judgment [12] is **GRANTED**.  The Clerk shall close the case.

**SO ORDERED**, this 6th day of July, 2015.

_____
**RICHARD W. STORY**
United States District Judge

AO 72A
(Rev.8/82)